**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| South Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:18-cv-01431-JMC |
| | ) | |
| United States; | ) | |
| | ) | |
| United States Department of Energy; | ) | |
| | ) | |
| Rick Perry, *in his official capacity as Secretary of Energy*; | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| National Nuclear Security Administration; and, | ) | |
| | ) | |
| | ) | |
| Lisa E. Gordon-Hagerty, *in her official capacity as Administrator of the National Nuclear Security Administration and Undersecretary for Nuclear Security*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        This matter is before the court pursuant to Defendants the United States, the Department

of Energy ("DOE"), the National Nuclear Security Administration ("NNSA"), Secretary of Energy

Rick Perry, and Administrator Gordon-Hagerty's Motion to Stay the Preliminary Injunction

Pending Appeal (ECF No. 27). Defendants move under Federal Rule of Civil Procedure 62(c) to

stay the Preliminary Injunction Order entered by the court on June 7, 2018 (ECF No. 23) ("the

Injunction"), pending the resolution of their appeal to the United States Court of Appeals for the

Fourth Circuit (*See* ECF No. 26). (ECF No. 27 at 1.) The Injunction prevents Defendants from

terminating the mixed oxide fuel fabrication facility project ("MOX Facility") currently under

construction at the Savannah River Site in Aiken County, South Carolina until this case can be

decided on its merits. (ECF No. 23.) For the reasons below, the court **DENIES** Defendants' Motion to Stay the Preliminary Injunction Pending Appeal (ECF No. 27).

## I. RELEVANT BACKGROUND

On May 25, 2018, the State concurrently filed a complaint against Defendants[1] (ECF No. 1), a Motion for Preliminary Injunction (ECF No. 5), and a Motion for Expedited Briefing (ECF No. 6). On May 29, 2018, the court granted the Motion for Expedited Briefing. (ECF No. 8.) On June 4, 2018, Defendants filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 19), and on June 5, 2018, the court held a hearing on the Motion for Preliminary Injunction (ECF No. 20). On June 6, 2018, the State filed a Reply in Support of the Motion for Preliminary Injunction (ECF No. 21), and on June 7, 2018, the court issued the Injunction. (ECF No. 23.)

On June 15, Defendants filed this Motion to Stay the Preliminary Injunction (ECF No. 27) along with a Notice of Appeal (ECF No. 26).[2]

---

[1] The State brought suit alleging (1) Defendants had not consulted with the Governor prior to notifying Congress of its May 10 decisions to terminate the MOX Facility and pursue the Dilute and Dispose method of disposition for defense plutonium stored at the Savannah River Site originally scheduled to be disposed through the MOX Facility; (2) Defendants failed to conduct the analysis required by the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA"), prior to making its May 10 decisions; and (3) the commitment and certification sent to Congress constituted arbitrary and capricious action in violation of the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* ("APA"). (ECF No. 1.) In its Amended Complaint, filed on June 9, 2018, the State removed the first cause of action regarding Defendants' failure to consult with the Governor. (ECF No. 25.)

[2] The filing of an appeal does not divest this court of jurisdiction for a motion to stay a preliminary injunction. *See* Fed. R. Civ. P. 62(c) (allowing a court to stay an order "[w]hile an appeal is pending"); *see also* 11 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 2904 (3rd ed. 2018).

## II. LEGAL STANDARD

Under Rule 62(c), a court may "suspend, modify, restore, or grant" an injunction while an interlocutory appeal regarding the injunction is pending. Fed. R. Civ. P. 62(c). When considering whether to stay an order pending appeal under Rule 62(c), courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## III. ANALYSIS

Defendants assert that the Injunction should be stayed for two reasons. First, Defendants posit that their actions following the issuance of the Injunction make the Injunction unnecessary and, in essence, moot. (ECF No. 27 at 5.) The Injunction vacated Defendants' May 10 decisions to terminate the MOX Facility and pursue the Dilute and Dispose method of disposition, vacated the May 14 Partial Stop Work Order, and enjoined Defendants from continuing to pursue the termination of the MOX Facility. (ECF No. 23 at 35-36.) After the Injunction was issued, Defendants informed the MOX Facility contractor, CB&I AREVA MOX Services, LLC, that the May 14, 2018 Partial Stop Work Order had been rescinded. (ECF No. 27-1.) Additionally, Defendants instructed DOE personnel not to take any action to implement the Dilute and Dispose method of disposition for the 34 metric tons of defense plutonium designated for processing at the MOX Facility. (ECF No. 27 at 4.) Defendants' rescission of the Partial Stop Work Order was a direct response to the Injunction. (ECF No. 27-1) ("Pursuant to the June 7, 2018 Preliminary Injunction Order issued by the United States District Court for the District of South Carolina Aiken Division, the May 14, 2018 NNSA Partial Stop Work Order is cancelled . . . ."). Similarly, DOE

and NNSA personnel were directed to not pursue the Dilute and Dispose method of disposition in order to comply with the Injunction (ECF No. 27 at 4). When an injunction both nullifies previous actions and enjoins future actions, compliance with the injunction's retroactive portions does not make the injunction as a whole, and specifically its prospective portions, moot. *See Polaris Pool Sys., Inc. v. Great American Waterfall Co.*, 2006 WL 289118, at *4 (M.D. Fla. February 7, 2006) ("[M]odification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable.") (quoting *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 337-38 (3rd Cir. 1993)). Defendants' actions do not render the continuance of the Injunction in its original form inequitable. Therefore, Defendants' actions following the issuance of the Injunction do not support staying the Injunction.

Secondly, Defendants submit the factors described in *Hilton* weigh in favor of staying the Injunction. (ECF No. 27 at 5-10.) The *Hilton* factors are functionally identical to the factors a court considers when deciding to grant a preliminary injunction. *Compare Hilton*, 481 U.S. at 776 *with Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Defendants acknowledge that their arguments in favor of the stay mirror their arguments against the issuance of the Injunction. (ECF No. 27 at 5) ("For the reasons stated in their brief in opposition to plaintiff's motion for a preliminary injunction, Defendants respectfully assert that they have satisfied [the *Hilton*] factors and that a stay is appropriate."). The court addressed these arguments in the Injunction and stands by its

previous analysis.[3] Therefore, the court finds that the *Hilton* factors weigh against staying the injunction.

## IV.    CONCLUSION

For the reasons discussed above, the court **DENIES** Defendants' Motion for Stay of the Preliminary Injunction Pending Appeal (ECF No. 27)**.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 26, 2018
Columbia, South Carolina

---

[3] Defendants assert "[t]he [I]njunction could arguably be read to prohibit DOE from internally discussing, or taking any steps to perform the appropriate NEPA analysis for, using dilute and dispose for removing the defense plutonium designated for MOX processing from South Carolina." (ECF No. 27 at 7.) The Injunction should not be read as Defendants suggest. The Injunction does not prevent Defendants from conducting NEPA environmental analysis of the Dilute and Dispose method of disposition for plutonium designated for processing at the MOX Facility. Instead, the Injunction prevents Defendants from continuing their current plan to terminate the MOX Facility.